UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILFREDO RODRIGUEZ HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LaROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>Respondents. | Case No.:  26-cv-2222-RSH-MMP<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On April 8, 2026, petitioner Wilfredo Rodriguez Hernandez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. The Petition appears to advance the legal arguments that Petitioner was entitled to a due process hearing, as well as a judicial determination of probable cause, before he was detained in January 2026 in connection with his removal proceedings. *Id.* ¶¶ 10, 66, 72. He also appears to argue that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a). *See id.* ¶¶ 43, 61. The Petition is unverified, and is unaccompanied by a declaration or any other evidence.

Respondents filed a return indicating that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), based on his October 16, 2025 arrest for felony "Assault and Domestic Violence / Presence of Child – Strangulation/Choking." ECF No. 4 at 2, 3. Respondents also note that Petitioner has prior criminal convictions for assault

and for impaired driving, both in 2024. *Id.* at 2. Respondents submit a DHS report as well as a rap sheet reflecting this criminal history; and reflecting that DHS encountered Petitioner in Salt Lake County Metro Jail on January 22, 2026, after which he was released to DHS custody. *Id.* Exs. 1, 3. According to these records, Petitioner was arrested most recently for violating Utah Criminal Code Section 76-5-114(2)(c), which applies where a person "intentionally or knowingly impedes the breathing or the circulation of blood of another individual by the actor's use of unlawful force or violence by applying pressure to the neck or throat of an individual or obstructing the nose, mouth, or airway of an individual, in the presence of a child." Respondents argue that because this offense involves serious bodily injury to another, Petitioner is subject to detention under 8 U.S.C. § 1226(c), which states that "[t]he Attorney General shall take into custody any alien who … is arrested for … any crime that results in death or serious bodily injury to another person, when the alien is released …."

Petitioner has not filed a traverse contesting Respondents' evidence or analysis. Additionally, the Petition is unsupported by evidence, and does not provide legal authority establishing that Petitioner was entitled to a hearing or a judicial determination of probable cause prior to his transfer from jail to immigration custody in the circumstances presented here. Furthermore, although Petitioner does not argue that his mandatory detention has become unduly prolonged, the Court determines that the length of immigration detention to date—approximately three months—does not raise due process concerns.

//
//
//
//
//
//
//
//

2

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner has not met that burden here. Accordingly, the Petition is **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: April 24, 2026

_____

Hon. Robert S. Huie
United States District Judge

26-cv-2222-RSH-MMP